**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JARED WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:26-cv-00583-ACL |
| | ) | |
| POTOSI CORRECTIONAL | ) | |
| CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Self-represented Plaintiff Jared Williams brings this civil action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  ECF No. 1.  The matter is now before the Court upon two motions filed by Plaintiff: an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) and a Motion for Appointment of Counsel (ECF No. 4).  As explained below, based on the financial information submitted, the Court will grant the motion to proceed without prepayment and assess an initial partial filing fee of $22.57.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, as there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for counsel, subject to refiling at a later date.  Finally, the Court cautions Plaintiff about proceeding in this action.

### Motion to Proceed without Prepayment & Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff is a state-court prisoner detained at the Potosi Correctional Center.  ECF No. 2 at 1.  In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $16.67, and an average monthly balance of $112.84 (as of the tenth of each month).  ECF No. 3.  The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $22.57, which is twenty percent of Plaintiff's average monthly balance.  *See* 28 U.S.C. § 1915(b)(1).

**Motion for Appointment of Counsel**

Plaintiff also filed a motion seeking appointment of counsel in this matter.  ECF No. 4. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  There is no constitutional or statutory right to appointed counsel in civil cases.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Once a plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim.  *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986).  The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel.  *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th

Cir. 2005).  This determination involves consideration of several relevant criteria, including the complexity of the legal issues and arguments, the ability of the indigent person to investigate the facts and present the claims, and the existence of conflicting testimony.  *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law.  Furthermore, the request for counsel is premature, as defendant has not yet been served, and the Court has not issued any Case Management Order.  The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

### Conclusion

Plaintiff's motion to proceed without prepayment will be granted and he will have 30 days to pay an initial partial filing fee of $22.57.  In addition, the Court recognizes that Plaintiff's Original Filing Form indicates that this case is the same case as Plaintiff's previously filed case no. 4:24-cv-01570-ACL.  ECF No. 1-2.  A review of Court records indicates that the previous case was dismissed by the Court in September 2025 under 28 U.S.C. § 1915(e)(2)(B), but that there is a motion to reopen currently pending in the matter.  *Williams v. Brewer*, No. 4:24-cv-01570-ACL, ECF Nos. 5-6, 8 (E.D. Mo. filed Nov. 22, 2024).

A further review of the Public Access to Court Electronic Records (PACER) database indicates that Plaintiff has already had two cases dismissed on initial review for failure to state a claim upon which relief may be granted.  *See Williams v. Precythe*, No. 6:22-cv-3164-SRB (W.D. Mo. filed June 24, 2022) (dismissed July 13, 2022); *Williams v. Brewer*, No. 4:24-cv-1570-ACL (E.D. Mo. filed Nov. 22, 2024) (dismissed Sept. 16, 2025).  Plaintiff is cautioned that if he has a

3

third case dismissed for frivolity, maliciousness, or for failure to state a claim, he will be subject to 28 U.S.C. § 1915(g) (otherwise known as the three-strikes rule), which limits a prisoner's ability to obtain *in forma pauperis* status.

**Finally, Plaintiff is warned that if he proceeds with this case and pays this initial partial filing fee amount, the Court will require Plaintiff to pay the full $350 filing fee by ordering Plaintiff's custodian to deduct periodic payments from Plaintiff's inmate account pursuant to 28 U.S.C. § 1915(b)(2), which will continue <u>regardless of the outcome of this case</u>.**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $22.57 within **30 days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the institution having custody of Plaintiff shall, whenever the amount in Plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED without prejudice**.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 11th day of August, 2026.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE